1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERT JOHN EVANS,              )
                                    )        2:06-cv-1821-GEB-KJM
12                  Plaintiff,      )
                                    )        STATUS (PRETRIAL
13       v.                         )        SCHEDULING) CONFERENCE
                                    )
14  STATE FARM MUTUAL AUTOMOBILE    )
    INSURANCE COMPANY,              )
15                                  )
                    Defendant.[1]   )
16  _____)

17

18           The August 15, 2006, Order Setting Status (Pretrial

19  Scheduling) Conference scheduled a status conference in this case for

20  November 20, 2006, and required the parties to file a joint status

21  report no later than fourteen days prior to the scheduling conference.

22  The Order further required that a status report be filed regardless of

23  whether a joint report could be procured.[2]  Defendant filed a status

24  _____

25       [1]    The caption has been amended according to the Dismissal
    of Doe Defendants portion of this Order.
26
         [2]    As the Order states:
27
             The failure of one or more of the parties to
28                                                (continued...)

                                    1

report on November 6, 2006, in which it states Plaintiff's counsel "never responded" to defense counsel's attempts to communicate about the joint status report. (State Farm's Status Report at 1.) Since Defendant's status report indicates this action may be fully scheduled, the Court makes the following Order and vacates the status conference.

DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 100 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed August 15, 2006, at 2 n.2 (indicating that if Plaintiff or Plaintiffs fail to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

---

[2](...continued)
    participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

Order filed September 15, 2006, at 2 n.1.

1                              DISCOVERY

2           All discovery shall be completed by June 20, 2007.  In this

3     context, "completed" means that all discovery shall have been

4     conducted so that all depositions have been taken and any disputes

5     relative to discovery shall have been resolved by appropriate orders,

6     if necessary, and, where discovery has been ordered, the order has

7     been complied with or, alternatively, the time allowed for such

8     compliance shall have expired.[3]

9           Each party shall comply with Federal Rule of Civil Procedure

10    26(a)(2)'s initial expert witness disclosure and report requirements

11    on or before January 22, 2007, and with the rebuttal expert

12    disclosures authorized under the Rule on or before February 22, 2007.

13                       MOTION HEARING SCHEDULE

14          The last hearing date for motions shall be August 20, 2007,

15    at 9:00 a.m.[4]

16          Motions shall be filed in accordance with Local Rule 78-

17    230(b).  Opposition papers shall be filed in accordance with Local

18    Rule 78-230(c).  Failure to comply with this local rule may be deemed

19    consent to the motion and the Court may dispose of the motion

20    summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

21    Further, failure to timely oppose a summary judgment motion may result

22

23    _____

24          [3]     The parties are advised that the Magistrate Judges in
      the Eastern District are responsible for resolving discovery
25    disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel
      shall direct all discovery-related matters to the Magistrate
26    Judge assigned to this case.  A party conducting discovery near
      the discovery "completion" date runs the risk of losing the
27    opportunity to have a judge resolve discovery motions pursuant to
      the Local Rules.

28          [4]     This time deadline does not apply to motions for
      continuances, temporary restraining orders, emergency
      applications, or motions under Rule 16(e) of the Federal Rules of
      Civil Procedure.

                                   3

1    in the granting of that motion if the movant shifts the burden to the

2    nonmovant to demonstrate a genuine issue of material fact remains for

3    trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

4         Absent highly unusual circumstances, reconsideration of a

5    motion is appropriate only where:

6         (1)   The Court is presented with newly discovered evidence

7    that could not reasonably have been discovered prior to the filing of

8    the party's motion or opposition papers;

9         (2)   The Court committed clear error or the initial decision

10   was manifestly unjust; or

11        (3)   There is an intervening change in controlling law.

12   A motion for reconsideration based on newly discovered evidence shall

13   set forth, in detail, the reason why said evidence could not

14   reasonably have been discovered prior to the filing of the party's

15   motion or opposition papers.  Motions for reconsideration shall comply

16   with Local Rule 78-230(k) in all other respects.

17        The parties are cautioned that an untimely motion

18   characterized as a motion in limine may be summarily denied.  A motion

19   in limine addresses the admissibility of evidence.

20                 FINAL PRETRIAL CONFERENCE

21        The final pretrial conference is set for October 22, 2007,

22   at 2:30 p.m.  The parties are cautioned that the lead attorney who

23   WILL TRY THE CASE for each party shall attend the final pretrial

24   conference.  In addition, all persons representing themselves and

25   appearing in propria persona must attend the pretrial conference.

26        The parties are warned that non-trialworthy issues could be

27   eliminated sua sponte "[i]f the pretrial conference discloses that no

28   material facts are in dispute and that the undisputed facts entitle

     one of the parties to judgment as a matter of law." Portsmouth Square

1   v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

2          The parties shall file a JOINT pretrial statement with the

3   Court not later than seven (7) days prior to the final pretrial

4   conference.[5]   The joint pretrial statement shall specify the issues

5   for trial.   The Court uses the parties' joint pretrial statement to

6   prepare its final pretrial order and could issue the final pretrial

7   order without holding the scheduled final pretrial conference.   See

8   Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

9   requirement that the court hold a pretrial conference.").   The final

10  pretrial order supersedes the pleadings and controls the facts and

11  issues which may be presented at trial.   Issues asserted in pleadings

12  which are not preserved for trial in the final pretrial order cannot

13  be raised at trial.   Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,

14  827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the

15  pretrial order are eliminated from the action."); Valley Ranch Dev.

16  Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an

17  issue omitted from the pretrial order is waived, even if it appeared

18  in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283

19  (D.D.C. 1995) (refusing to modify the pretrial order to allow

20  assertion of a previously-pled statute of limitations defense);

21  Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)

22  (indicating that "[a]ny factual contention, legal contention, any

23  claim for relief or defense in whole or in part, or affirmative matter

24  not set forth in [the pretrial statement] shall be deemed . . .

25

26          [5]   The failure of one or more of the parties to
    participate in the preparation of any joint document required to
27  be filed in this case does not excuse the other parties from
    their obligation to timely file the document in accordance with
28  this Order.   In the event a party fails to participate as
    ordered, the party or parties timely submitting the document
    shall include a declaration explaining why they were unable to
    obtain the cooperation of the other party.

1 withdrawn, notwithstanding the contentions of any pleadings or other

2 papers previously filed [in the action]").

3         If possible, at the time of filing the joint pretrial

4 statement counsel shall also email it in a format compatible with

5 WordPerfect to: geborders@caed.uscourts.gov.

6                            TRIAL SETTING

7         Trial is set for November 5, 2007, commencing at 9:00 a.m.

8                            MISCELLANEOUS

9         The parties are reminded that pursuant to Federal Rule of

10 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

11 **not be modified except by leave of Court upon a showing of good cause.**

12 **Counsel are cautioned that a mere stipulation by itself to change**

13 **dates does not constitute good cause.**

14         IT IS SO ORDERED.

15 Dated:  November 15, 2006

16

17 _____
   GARLAND E. BURRELL, JR.

18 United States District Judge

19

20

21

22

23

24

25

26

27

28